**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DILMUROD ABDULLAEV,<br><br>Petitioner,<br><br>v.<br><br>PIKE COUNTY CORRECTIONAL FACILITY, *Warden*, *et al.*,<br><br>Respondents. | No. 4:26-CV-02222<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**OCTOBER 2, 2026**

## I. BACKGROUND

Dilmurod Abdullaev, currently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), has filed this 28 U.S.C. § 2241 petition seeking his release from ICE custody.[1] Abdullaev is currently detained at the Pike County Correctional Facility located within the Middle District of Pennsylvania.[2]

Abdullaev, a citizen and native of the Republic of Uzbekistan, entered the United States of America in September of 2023.[3] On June 18, 2026, Abdullaev was arrested by the Bristol Township Police Department during a traffic stop; he was the

---

1 Doc. 1.
2 Doc. 8 at 3.
3 Doc. 8-2.

passenger in a stolen vehicle.[4] Abdullaev was charged in state court with receiving stolen property, and was then transferred to ICE custody where he has remained since that date.[5]

In August of 2026, Abdullaev filed this § 2241 petition seeking release from custody, asserting that his continued detention without a bond hearing violates his constitutional rights.[6] Respondents assert that Abdullaev is properly subject to mandatory detention without a bond hearing, pursuant to 8 U.S.C. § 1226(c), due to the charge lodged against him for receiving stolen property.[7] Respondents further argue that Abdullaev's detention has not become unconstitutionally prolonged.[8] Abdullaev has filed a document demonstrating that the charge against him for receiving stolen property was amended to disorderly conduct, and that Abdullaev pled guilty to that charge.[9]

After considering the arguments, for the reasons discussed below, the petition will be granted and the Government will be ordered to release Abdullaev from custody.

---

4 *See* Doc. 8 at 2.
5 *Id.* at 3.
6 *See* Doc. 1.
7 Doc. 8 at 4-16.
8 *Id.* at 16-20.
9 Doc. 12.

## II. DISCUSSION

Abdullaev brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[10] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[11] Abdullaev's claims are therefore properly brought in this petition.

The Government contends that Abdullaev is not entitled to a bond hearing because he is subject to mandatory detention under 8 U.S.C. § 1226(c).[12] That statute provides that an individual is subject to detention without a bond hearing if, as relevant here, he is inadmissible and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person."[13]

---

10 28 U.S.C. § 2241(c)(2).
11 *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025).
12 *See* Doc. 8.
13 8 U.S.C. § 1226(c)(1)(E).

Regardless of whether receiving stolen property qualifies as an act that constitutes the essential elements of burglary, theft, larceny, or shoplifting,[14] Respondents' argument fails because the charge against Abdullaev was amended to disorderly conduct,[15] meaning the original charge for receiving stolen property effectively ceased to exist. Therefore, Abdullaev is not charged with a theft-related offense as required by § 1226(c)(1)(E).

This is reinforced by the fact that, even when charges are dismissed, rather than amended, courts routinely hold that § 1226(c) does not apply.[16] Those courts note that "[t]he statute's 'use of the present tense is conspicuous and important,'"[17] which "'establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute,' such as by a conviction."[18] Consequently, "[a]fter charges are dismissed, it is no longer accurate to say that a person 'is charged with' theft."[19]

---

14 The Court has doubts as to whether receiving stolen property contains the essential elements of theft under Pennsylvania law, as theft contains elements not present in receiving stolen property. *See Eaton v. Figaski*, No. 21-3094, 2022 WL 17831444, at *3 (3d Cir. Dec. 21, 2022) (listing elements of both offenses). However, the Court need not resolve that issue here, as the charge against Abdulaev was amended to effectively eliminate any charge of receiving stolen property.

15 *See* Doc. 12 at 7-8.

16 *See Singh v. Wofford*, No. 1:26-CV-01161-KES-EPG (HC), 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (collecting cases).

17 *Id.* (quoting *Helbrum v. Williams Olson*, No. 4:25-CV-00349-SHL-SBJ, 2025 WL 2840273, at *5 (S.D. Iowa Sept. 30, 2025)).

18 *Id.* (quoting *Helbrum*, 2025 WL 2840273, at *5-6 (brackets omitted)).

19 *Id.* (quoting *Helbrum*, 2025 WL 2840273, at *1).

For that reason, the Court concludes that Abdullaev is not subject to mandatory detention under § 1226(c). Moreover, as the United States Court of Appeals for the Third Circuit has recently explained in *Buele Morocho v. Warden Philadelphia FDC*, individuals in Abdullaev's position are properly detained pursuant to § 1226(a) and, therefore, the failure to provide those individuals with a bond hearing violates their due process rights.[20] Accordingly, Respondents have violated Abdullaev's rights by failing to provide a bond hearing, and the only remaining issue in this matter is the remedy to which Abdullaev is entitled.

As other courts have frequently discussed, ICE may detain an individual in circumstances such as Abdullaev's "only if, under § 1226(a) and applicable regulations, he receives a bond hearing and the facts show that he poses a risk of flight or danger to the community."[21] Consequently, where Respondents "do not allege any facts suggesting that [a petitioner] poses either concern," release from custody is an appropriate remedy.[22]

Here, there are no facts in the record that would suggest—let alone establish—that Abdullaev poses either a danger to the community or a flight risk. Rather, the

---

20 *See Buele Morocho v. Warden Phila. FDC*, __ F.4th __, No. 26-1150, 2026 WL 2546223 (3d Cir., Aug. 28, 2026).

21 *Bautista Calles v. Jamison*, No. CV 26-5539, 2026 WL 2322469, at *4 (E.D. Pa. Aug. 11, 2026) (citing *Yilmaz v. Warden of Fed. Det. Ctr. Phila.*, No. CV 25-6572, 2025 WL 3459484, at *3 (E.D. Pa. Dec. 2, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. CV 25-6312, 2025 WL 3294726, at *8 n.69 (E.D. Pa. Nov. 25, 2025); 8 C.F.R. § 1236.1(c)(8), (d)(1)).

22 *Id.*

record establishes that Abdullaev has no criminal history aside from his conviction for disorderly conduct, previously voluntarily surrendered to immigration authorities after entering the United States, and was compliant with the terms of his release into this Country.[23] As Respondents offer no justification for Abdullaev's continued detention, release from custody is appropriate.[24]

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Respondents have violated Abdullaev's due process rights by detaining him without a bond hearing. Accordingly, his petition will be granted, and the Court will order that Abdullaev be promptly released from custody.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

23 Doc. 1 at 5-6; Doc. 8-2.

24 *See Bautista Calles*, 2026 WL 2322469, at *4; *Kaziev v. Jamison*, No. CV 26-4837, 2026 WL 2279456, at *10 (E.D. Pa. Aug. 7, 2026); *Lopes v. Jamison*, No. CV 26-234, 2026 WL 299991, at *4 (E.D. Pa. Feb. 4, 2026).